UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                                   Plaintiff,<br><br>v.<br><br>CONOLY FREDDIE FRANKLIN III (1),<br><br>                                   Defendant. | Case No.:  18CR4187 WQH<br><br>**ORDER** |

HAYES, Judge,

   The matter before the Court is the motion for sentence reduction under 18 U.S.C. § 3582(c)(1)(A)(i) (ECF No. 140) filed by the Defendant.

**FACTS**

   On September 13, 2019, this Court entered Judgment committing Defendant to the custody of the Bureau of Prisons for 120 months on Count 2 Attempt to entice an individual to travel to engage in prostitution in violation of 18 U.S.C. § 2422(a) and 120 months on Count 3 attempted enticement of a minor to engage in prostitution and sexual activity in violation of 18 U.S.C. § 2422(b), with counts to run concurrently.  Defendant has served 43 months of his sentence and is scheduled to be released on March 9, 2027.  Defendant is currently incarcerated at Lompoc FCI.

On March 16, 2022, Defendant filed a motion for release under 18 U.S.C. §3582(c)(1)(A) requesting that this Court reduce his sentence. Defendant asserts that his incarceration at FCI Lompoc places him at risk of infection with COVID-19. Defendant asserts that his race, gender, and asthma place him at a greater risk of more serious illness from COVID-19.

Plaintiff United States asserts that Defendant is fully vaccinated against the virus and that significant measures to contain the COVID-19 outbreak have been successful at FCI Lompoc. Plaintiff United States asserts that Defendant does not meet the threshold requirement of having extraordinary and compelling reasons required under 18 U.S.C. § 3582(c)(1)(A).

## RULING OF THE COURT

A district court generally "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c); *Dillon v. United States*, 560 U.S. 817, 825-26 (2010). However, a narrow exception in § 3582(c)(1)(A) provides in relevant part:

> The court may not modify a term of imprisonment once it has been imposed except that--
> (1) in any case--
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that--
> (i) extraordinary and compelling reasons warrant such a reduction;
> …
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission;

18 U.S.C. § 3582(c)(1)(A).[1]

Section 1B1.13 of the Sentencing Guidelines, adopted before the First Step Act, addressing a motion for sentence reduction by the Director of the Board of Prisons under 18 U.S.C. § 3582(c)(1)(A) states in relevant part:

> Upon motion of the Director of the Bureau of Prisons under 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment (and may impose a term of supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment) if, after consideration of the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that—
> (1)(A) Extraordinary and compelling reasons warrant the reduction. . .
> (2) The defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and
> (3) The reduction is consistent with this policy statement.

U.S.S.G. § 1B1.13. The commentary to § 1B1.13 lists four circumstances that qualify as "extraordinary and compelling reasons": (A) medical condition of the defendant; (B) age of the defendant; (C) family circumstances; and (D) "Other reasons—As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)." U.S.S.G. § 1B1.13 n.1. Application Note 1 § 1B1.13 provides for the following extraordinary and compelling reason:

> (A) Medical Condition of the Defendant.--
> (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
> (ii) The defendant is--
> (I) suffering from a serious physical or medical condition,
> (II) suffering from a serious functional or cognitive impairment, or
> (III) experiencing deteriorating physical or mental health because of the

---

[1] Defendant attaches to his motion a denial of an appeal of the "Warden's decision to not grant [] a Compassionate Release/reduction in sentence." (ECF No. 140).

   aging process that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

Application Note 1 § 1B1.13. "The Sentencing Commission's statements in U.S.S.G. § 1B1.13 may inform a district court's discretion for § 3582(c)(1)(A) motions filed by a defendant, but they are not binding." *United States v. Aruda*, 993 F.3d 797, 802 (9th Cir. 2021) (per curiam). These guideline provisions are not a limitation on the Court's ability to determine whether a defendant has presented extraordinary and compelling reasons for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A).

  In this case, The Court sentenced the Defendant to a mandatory minimum term of 120 months in the custody of the Bureau of Prisons after a jury found him guilty of the serious offenses in Count 2 and Count 3. The Court concluded that, even without a mandatory minimum, the 120 months sentence was an appropriate sentence to satisfy the sentencing factors under 18 U.S.C. §3553(a).

  Section 3553(a) provides that the sentencing court must impose a sentence that is "sufficient, but not greater than necessary … (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed education or vocational training, medical care, or other correctional treatment in the most effective manner[.]" 18 U.S.C. § 3553(a)(2)(A)-(D). The Court must also consider, among other factors, "the nature and circumstances of the offense and the history and characteristics of the defendant" and the "need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." *Id*. These factors weigh against reducing the Defendant's sentence in light of the seriousness of the offenses. The need for the sentence "to protect the public from further crimes of the defendant" and "to reflect the seriousness of the offense" under 18 U.S.C. §3553(a) continues to support the sentence imposed.

Chronic conditions, such as asthma and stomach disorders, that can be managed in prison are not a sufficient basis for compassionate release. Defendant has been fully vaccinated against the COVID-19 virus and there is no evidence to demonstrate that the medical treatment he receives is not adequate. As of April 26, 2022, there were no positive COVID infections in inmates or in staff at FCI Lompoc. BOP Coronavirus website: www.bop.gov/coronavirus/. The Court finds that the application of the § 3553(a) factors weigh against reducing Defendant's sentence and finds that compelling reasons do not warrant such a reduction under § 3582(c).

IT IS HEREBY ORDERED that the motion for sentence reduction under 18 U.S.C. § 3582(c)(1)(A)(i) (ECF No. 140) is denied.

Dated: May 26, 2022

Hon. William Q. Hayes
United States District Court