UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>CONOLY FREDDIE FRANKLIN III (1),<br><br>　　　　　　　　　　　Defendant. | Case No.: 18cr4187 / 22cv463 - WQH<br><br>**ORDER** |

HAYES, Judge:

The matters before the Court are the Motion under 28 U.S.C. §2255 to vacate, set aside, or correct sentence (ECF No. 143) and the Motion under 28 U.S.C. §2255 to vacate, set aside, or correct sentence (ECF No. 145) filed by Defendant Conoly Freddie Franklin III.

## BACKGROUND

On September 27, 2018, Defendant was charged in a three-count information with Conspiracy to Engage in Sex Trafficking of Children, in violation of 18 U.S.C. §§ 1591 and 1594; Attempting to Persuade or Coerce an Individual to Travel to Engage in Prostitution, in violation of 18 U.S.C. § 2422(a); and Enticement of a Minor, in violation of 18 U.S.C. § 2422 (b). (ECF No. 13 at 1-2).

On June 4, 2019, trial commenced. (ECF No. 64).

On June 10, 2019, the jury returned the verdict finding Defendant not guilty on Count 1 for Conspiracy to Engage in Sex Trafficking of Children; and guilty on Count 2,

1

Attempting to Persuade or Coerce an Individual to Travel to Engage in Prostitution, and Count 3, Attempted Enticement of a Minor. (ECF No. 75 at 1).

On September 13, 2019, the Court entered Judgment committing Defendant to the custody of the Bureau of Prisons for 120 months on Count 2 and the mandatory minimum 120 months on Count 3, with counts to run concurrently. (ECF No. 102).

On September 23, 2019, Defendant filed a Notice of Appeal. (ECF No. 109).

On May 12, 2021, the United States Court of Appeals for the Ninth Circuit affirmed the Defendant's conviction and sentence. (ECF No. 133).

Defendant filed a Petition for Certiorari to the United States Supreme Court which was denied on October 12, 2021. (ECF No. 145).

On April 7, 2022, Defendant filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. (ECF No. 143).

On April 27, 2022, Defendant filed an amended motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence (ECF No. 145) on the grounds of ineffective assistance of appellate counsel. Defendant contends that appellate counsel failed to raise the issues that his trial counsel had "waived the indictment after [he] asked him not to waive it" and that "counsel failed to object to sentence entrapment." (*Id.* at 6). Defendant further contends that appellate counsel failed to raise the issue that his trial counsel did not object to venue after the Defendant was found not guilty on Count 1, leading the Defendant to "be tried in a state where the crime did not occur." (*Id.* at 7).

On May 26, 2022, the United States of America filed a response to the Defendant's motions under 28 U.S.C. §2255 to vacate, set aside, or correct sentence. (ECF No. 149). The Government contends that the motions are untimely. The Government further contends that the claim of lack of consent to the waiver of indictment is procedurally defaulted, and the claim of ineffective assistance of counsel for failure to object to sentence entrapment is factually incorrect and is barred by the "law of the case" doctrine preventing relitigation of issues already decided. (*Id.* at 3-5).

## RULING OF THE COURT

28 U.S.C. § 2255 provides:

> A prisoner under sentence of a court established by Act of Congress claiming the right to be released upon ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.
>
> Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of facts and conclusions of law with respect thereto. If the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, the court shall vacate and set aside the judgment and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate.
>
> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
> (1) the date on which the judgment of conviction becomes final.

28 U.S.C. § 2255(a), (b), (f).

Timeliness

The Government contends that the motion was not timely filed. "Franklin's judgment was final on September 13, 2019. The habeas petition was filed years later, on April 7, 2022." (ECF No. 149 at 3).

The 1-year-period of limitations begins to run on "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1). "The Supreme Court has held that a conviction is final in the context of habeas review when 'a judgment of conviction has been rendered, the availability of appeal exhausted, and the time for a petition for certiorari elapsed or a petition for certiorari finally denied.'" *United States v. Schwartz*, 274 F.3d

1220, 1223 (9th Cir. 2001) (citing *Griffith v. Kentucky,* 479 U.S. 314, 321, n.6 (1987)). In this case, the Judgment became final on October 12, 2021, when the Petition for Certiorari was denied. Defendant filed his motions on April 7, 2022, and April 27, 2022, within the one-year statute of limitations. (ECF Nos. 143, 145).

Procedural Default.

To warrant relief under 28 U.S.C. § 2255, a prisoner must allege a constitutional or jurisdictional error, or a "fundamental defect which inherently results in a complete miscarriage of justice [or] an omission inconsistent with the rudimentary demands of fair procedure." *United States v. Timmreck*, 441 U.S. 780, 783 (1979) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1962)). A petitioner who challenges his sentence under § 2255 without first raising his claim on direct appeal procedurally defaults the claim. *United States v. Ratigan*, 351 F.3d 957, 962 (9th Cir. 2003).

The Government contends that the claim of ineffective assistance of appellate counsel for failure to raise the issue of the waiver of consent to the indictment by trial counsel is procedurally defaulted since it should have been raised on direct appeal. (ECF No. 149 at 5). The United States Supreme Court has held that "failure to raise an ineffective-assistance-of-counsel claim on direct appeal does not bar the claim from being brought in a later, appropriate proceeding under § 2255." *Massaro v. United States*, 538 U.S. 500, 509 (2003). The Supreme Court reasoned that "appellate counsel often need[s] trial counsel's assistance in becoming familiar with a lengthy record on a short deadline," but that trial counsel would be hesitant to assist appellate counsel with familiarizing himself with the record "for the purpose of understanding how it reflects trial counsel's own incompetence." *Id.* at 506. Defendant's ineffective assistance of counsel claims are not procedurally defaulted.

Relitigation Bar

The Ninth Circuit has recognized that a motion under Section 2255 is not "a chance at a second appeal." *United States v. Berry*, 624 F.3d 1031, 1038 (9th Cir. 2010). A defendant cannot use a Section 2255 motion to relitigate issues that have already been

"presented and resolved on direct appeal from a criminal conviction." *Clayton v. United States*, 447 F.2d 476, 477 (9th Cir. 1971).

In this case, the Court of Appeals concluded that Federal Rule of Criminal Procedure 12(b)(3) required an objection to a defective information to be made before trial. (ECF No. 133 at 3-4). While concluding that the objection was waived, the Court of Appeals addressed Defendant's claim of a defective information stating,

> [T]he Franklins' claim ignores the language of 18 U.S.C. § 2422, which refers in both of its subsections to causing a person (adult or minor) "to engage in prostitution *or* any sexual activity for which any person can be charged with a criminal offense." § 2422(a) and (b) (emphasis added). The only evidence brought before the jury related solely to "prostitution." Under the plain language of the statute, neither subsection requires that "prostitution" be in violation of a specific criminal statute. *See United States v. LeCoe*, 936 F.2d 398, 402–03 (9th Cir. 1991). The evidence in the record is overwhelming that the Franklins enticed three women to engage in prostitution. The attack on the alleged deficiency or ambiguity relating to the remainder of the statute is irrelevant.

(*Id.* at 6). The Court of Appeals further addressed the claim that trial counsel failed to raise the issue of sentence entrapment. (*Id.* at 6-7). The Court of Appeals stated,

> To establish entrapment, a defendant must show "(1) that he was induced to commit the crime by a government agent; and (2) that he was not otherwise predisposed to commit the crime." *Ibid.* An inducement consists of an opportunity and, for example, "persuasion, fraudulent representations, threats, coercive tactics, harassment, promises of reward, or pleas based on need, sympathy or friendship." *United States v. Cortes*, 757 F.3d 850, 858 (9th Cir. 2014). Conoly claims entrapment because the government unfairly created an online profile of Ash Lee "an impossible person: a beautiful blonde in her mid-twenties new to the game" and ready to prostitute herself for him. [Reply brief at 1-2.] Conoly argues that "[f]alling for the inducement of having a beautiful young woman come devote herself to him preys too much on human weakness to be considered fair play." [Id. at 29-30] But Conoly made the initial suggestion of prostitution to both "Ash Lee" and "her minor sister." Conoly also admitted that he had previously pimped other women.

(*Id.* at 8-9). The issue of defective indictment and the issue of sentence entrapment were fully litigated by the Court of Appeals and are barred by the relitigation bar.

5

18cr4187 / 22cv463 - WQH

Venue

Defendant contends that his counsel was ineffective "when he did not raise or object to venue." (ECF No. 145 at 7). Defendant asserts that "once [he] was found not guilty on Count One (1), which was the conspiracy count, the Government lost proper venue." *Id*.

Under *Strickland*, a defendant must satisfy a two-pronged test to establish a constitutional violation of the right to effective counsel: (1) "the defendant must show that counsel's performance was deficient," such that counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant" under the Sixth Amendment; and (2) "the defendant must show that the deficient performance prejudiced the defense," such that "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." '*Strickland v. Washington*, 466 U.S. 668, 686 (1984). If a defendant fails to meet both those elements, "it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable." *Id.* at 687. To demonstrate prejudice under *Strickland,* Defendant needed to show that absent the failure to change venue, "the factfinder would have had a reasonable doubt respecting guilt." *Strickland,* 466 U.S. at 695. Conclusory allegations which are not supported by a statement of specific facts do not warrant habeas relief. *James v. Borg*, 24 F.3d 20, 26 (9th Cir. 1994) (citing *Boehme v. Maxwell,* 423 F.2d 1056, 1058 (9th Cir.1970)).

The Federal Rules of Criminal Procedure provide that "the government must prosecute an offense in a district where the offense was committed." Fed. R. Crim. P. 18. "When a crime is a 'continuing offense' that is, 'begun in one district and completed in another, or committed in more than one district,' venue is proper 'in any district in which [the crime] was begun, continued, or completed.' 18 U.S.C. § 3237(a)." *United States v. Obak*, 884 F.3d 934, 937 (9th Cir. 2018). "[V]enue for a continuing offense is proper if an 'essential conduct element' of the offense begins in, continues into, or is completed in the charging district." *United States v. Lukashov,* 694 F.3d 1107, 1120 (9th Cir. 2012) (citing *Rodriguez–Moreno,* 526 U.S. 275, 280 (1999)).

Defendant was convicted of Conspiracy to Engage in Sex Trafficking of Children, in violation of 18 U.S.C. §§ 1591 and 1594; Attempting to Persuade or Coerce an Individual to Travel to Engage in Prostitution, in violation of 18 U.S.C. § 2422(a); and Enticement of a Minor, in violation of 18 U.S.C. § 2422 (b). (ECF No. 13 at 1-2). The Court of Appeals described the evidence as follows:

> The Franklins lived in Reno, Nevada. On August 30, 2018, they drove together from Reno to San Diego, California to pick up three females (one adult, two minors) whom they had recruited over the previous week to work as prostitutes. Conoly used Facebook, texts, and phone calls to recruit Ash Lee, a 26-year-old in San Diego, as well as her 16-year-old sister. Andre used texts and phone calls to recruit Jamie, a 16-year-old in Napa, California. It turned out that all three women were not real, but were personas created by undercover detectives from two different task forces. When the Franklins arrived in San Diego, they were arrested and placed in a police car where a recording device had been placed in the back seat prior to the stop.

(ECF No. 133 at 4). The factual basis for the offenses began in Nevada and completed in San Diego. San Diego sits within the Southern District of California. Venue was proper. Defendant was not "tried in a state where the crime did not occur." (ECF No. 145 at 7). Counsel did not render ineffective assistance of counsel by not raising trial counsel's failure to object to venue.

Evidentiary Hearing.

A district court may deny a § 2255 motion without holding an evidentiary hearing if "the petitioner fails to allege facts which, if true, would entitle him to relief, or the petition, files and record of the case conclusively show that he is entitled to no relief." *United States v. Rodriguez-Vega*, 797 F.3d 781, 792 (9th Cir. 2015); *See United States v. Quan*, 789 F.2d 711, 715 (9th Cir. 1986) ("Where a prisoner's [§ 2255] motion presents no more than conclusory allegations, unsupported by facts and refuted by the record, an evidentiary hearing is not required."). Defendant's claims are resolved on the record and do not require an evidentiary hearing.

Certificate of Appealability.

A certificate of appealability is authorized "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To meet this threshold substantial showing, petitioner must show that: (1) the issues are debatable among jurists of reason; or (2) that a court could resolve the issues in a different manner; or (3) that the questions are adequate to deserve encouragement to proceed further. *Lambright v. Stewart*, 220 F.3d 1022, 1024–25 (9th Cir. 2000). The issues raised by Defendant are not debatable among jurists of reason and cannot be resolved in a different manner. A certificate of appeal as to all claims presented in the § 2255 motions is denied.

IT IS HEREBY ORDERED that the motions under 28 U.S.C. §2255 to vacate, set aside, or correct sentence (ECF Nos. 143,145) filed by Defendant are denied. A certificate of appeal as to all claims presented in the § 2255 motions is denied.

Dated: June 30, 2022

Hon. William Q. Hayes
United States District Court