UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                                    Plaintiff,<br><br>v.<br><br>CONOLY FREDDIE FRANKLIN III (1),<br><br>                                    Defendant. | Case No.: 18cr4187 / 22cv463 - WQH<br><br>**ORDER** |

HAYES, Judge:

The matters before the Court are the motion to hold 28 U.S.C. §2255 motion in abeyance (ECF No. 152) and the motion for appointment of counsel (ECF No. 153) filed by Defendant Conoly Freddie Franklin III.

On September 27, 2018, Defendant was charged in a three-count information with Conspiracy to Engage in Sex Trafficking of Children, in violation of 18 U.S.C. §§ 1591 and 1594; Attempting to Persuade or Coerce an Individual to Travel to Engage in Prostitution, in violation of 18 U.S.C. § 2422(a); and Enticement of a Minor, in violation of 18 U.S.C. § 2422 (b). (ECF No. 13 at 1-2).

On June 4, 2019, trial commenced. (ECF No. 64).

On June 10, 2019, the jury returned the verdict finding Defendant not guilty on Count 1 for Conspiracy to Engage in Sex Trafficking of Children; and guilty on Count 2, Attempting to Persuade or Coerce an Individual to Travel to Engage in Prostitution, and Count 3, Attempted Enticement of a Minor. (ECF No. 75 at 1).

On September 13, 2019, the Court entered Judgment committing Defendant to the custody of the Bureau of Prisons for 120 months on Count 2 and the mandatory minimum 120 months on Count 3, with counts to run concurrently. (ECF No. 102).

On September 23, 2019, Defendant filed a Notice of Appeal. (ECF No. 109).

On May 12, 2021, the United States Court of Appeals for the Ninth Circuit affirmed the Defendant's conviction and sentence. (ECF No. 133).

Defendant filed a Petition for Certiorari to the United States Supreme Court which was denied on October 12, 2021. (ECF No. 145).

On April 7, 2022, Defendant filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. (ECF No. 143).

On April 27, 2022, Defendant filed an amended motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence (ECF No. 145) on the grounds of ineffective assistance of appellate counsel. Defendant contends that appellate counsel failed to raise the issues that his trial counsel had "waived the indictment after [he] asked him not to waive it" and that "counsel failed to object to sentence entrapment." (*Id.* at 6). Defendant further contends that appellate counsel failed to raise the issue that his trial counsel did not object to venue after the Defendant was found not guilty on Count 1, leading the Defendant to "be tried in a state where the crime did not occur." (*Id.* at 7).

On May 26, 2022, the United States of America filed a response to the Defendant's motions under 28 U.S.C. §2255 to vacate, set aside, or correct sentence. (ECF No. 149). The Government contends that the motions are untimely. The Government further contends that the claim of lack of consent to the waiver of indictment is procedurally defaulted, and the claim of ineffective assistance of counsel for failure to object to sentence entrapment is factually incorrect and is barred by the "law of the case" doctrine preventing relitigation of issues already decided. (*Id.* at 3-5).

On June 30, 2022, the Court entered an order denying the motions under 28 U.S.C. § 2255 to vacate, set aside, or correct the sentence. (ECF Nos. 143, 145).  The Court concluded that the motions were timely filed, that the issue of defective information and

the issue of sentence entrapment were barred by the relitigation bar, and that defense counsel did not render ineffective assistance of counsel by not raising an objection to venue. The Court concluded that an evidentiary hearing was not required and denied a certificate of appealability. (ECF No. 151).

On July 1, 2022, Defendant filed a motion to hold the §2255 motion in abeyance and a motion to appoint counsel. Defendant asserts that he has not had sufficient time to challenge his waiver of indictment and the deficient information. Defendant further asserts that appointment of counsel is necessary on the grounds that he suffers from learning disabilities and that Covid-19 presents compelling reasons to appoint counsel.

In this case, Defendant clearly presented his challenge to the Information. The Court resolved the matter and there are no grounds to vacate the order at this stage in the proceedings. The district court may appoint counsel in the "interest of justice" in a Section 2255 action. 18 U.S.C. § 3006A(a)(2)(B). A review of the record in this case shows that the issues were clearly presented. The Court concludes that the interests of justice do not support the appointment of counsel at this stage in the proceedings.

IT IS HEREBY ORDERED that the motion to hold 28 U.S.C. §2255 motion in abeyance (ECF No. 152) and the motion for appointment of counsel (ECF No. 153) are denied.

Dated: July 5, 2022

Hon. William Q. Hayes
United States District Court